## H. HACKFELD & CO. *vs.* C. KAVANAGH *et al.*

### ASSUMPSIT. BEFORE BICKERTON, J.

### MARCH, 1887.

Process of garnishment against W., who was out of the Kingdom, was served on his attorney in fact: held, not a proper service.

### DECISION OF BICKERTON, J.

This is an action of assumpsit returnable at January Term, 1887, on which there was a confession of judgment by defendant, filed January 8, 1887. The question now before me is: Has there been proper and legal service on the garnishees Trousseau and Wiseman? Plaintiff's counsel consents to Dr. Trousseau being discharged, which disposes of the question as regards him. It appears that this action was brought on December 26, 1886, and that J. E. Wiseman left Honolulu on December the 18th, 1886, for San Francisco temporarily, having had prior thereto a usual place of abode in Honolulu. That J. H. Fisher was constituted the attorney-in-fact of Wiseman during his absence. That on December 26, 1886, service of process was made on Fisher as attorney or agent of Wiseman. Also, that the places of business and abode of Fisher are both entirely separate and different from those of Wiseman.

It is claimed on behalf of Wiseman that he should be discharged as garnishee for the reasons that no legal service of process has been made on him; also, that no true copy has been served. It is claimed on behalf of plaintiffs that service on Fisher, attorney or agent of Wiseman, was legal service on Wiseman.

In garnishment, the Hawaiian Statute provides that service on garnishee shall be made by leaving a true and attested copy with the garnishee, or at his usual place of abode, and that the summons and directions shall be signed and issued in the same manner as summonses are usually in civil actions, and shall be served by the officer according to such direction. Comp. Laws, p. 280.

"The attaching creditor furnishes the names of the persons to be garnisheed, and the sheriff proceeds to execute the writ without any unusual formality; but he must conform to the statute." Waples on Attachment and Garnishment, p. 193.

This service was made on the attorney or agent of the attorney or agent (garnishee). Parker, C.J., says: "It is no answer to say that this service was more likely to give notice than the other on account of long absence of the defendant from the commonwealth. The Legislature is to judge of this; it having prescribed the kind of service, none other will avail." *Peck vs. Warren,* 8 Pick., 164.

After hearing argument and viewing the authorities cited by counsel, together with others, I am of opinion that there was no legal service on Wiseman, and Wiseman is discharged as garnishee without further answer.

*L. A. Thurston,* for plaintiffs.

*Whiting & Creighton,* for garnishees.

Honolulu, March 25, 1887.